OPINION
Sergeant Michael Bammann was employed by the Mansfield Police Department, and assigned as a field supervisor to the Metrich Office in Richland County. Metrich is an eight county multi-jurisdictional drug task force. Sergeant Bammann became involved in an undercover capacity in Ashland County due to an increase in the sale of LSD. On December 23, 1998, Sergeant Bammann was introduced to Donna Enderby by a confidential informant. Sergeant Bammann planned to buy 100 hits of LSD. Sergeant Bammann, the informant, and Enderby traveled to appellant Scott Zahniser's residence to purchase the LSD. After going into appellant's residence, Enderby returned to the vehicle and informed Bammann that "Scott" had 5 hits of LSD for sale for $15.00. Bammann gave Enderby the money. Enderby took the cash back inside the house, and returned with the LSD. On December 29, 1998, Sergeant Bammann and the informant picked up Enderby at the trailer park where she resided. Enderby telephoned appellant on Sergeant Bammann's phone. They once again traveled to appellant's residence. Enderby again went into the home alone, and came out with 100 hits of LSD. The officer paid Enderby $350.00 for the LSD, and an additional $50.00 for procuring the drugs for him. On January 5, 1999, appellant and the informant again picked up Enderby at her residence. On the drive to appellant's residence, Enderby telephoned appellant from the cell phone. When they arrived at the residence, Enderby went into the house alone, and returned to the vehicle to inform the officer that appellant had promised his last sheet of LSD to another buyer, and he would have to go to his supplier to procure more. Enderby told Sergeant Bammann that appellant was charging $350.00 for the LSD, which they would go and get after the other buyers had arrived to pick up their LSD. Sergeant Bammann gave Enderby $350.00, which she took inside the house. Enderby returned to the vehicle, and later appellant emerged from the house. He entered a separate vehicle with two male occupants. Pursuant to appellant's instructions, as related through Enderby, Sergeant Bammann traveled to the Holiday Inn Hotel in the City of Ashland. Appellant went to the home of his supplier, on East Liberty Street in Ashland. When appellant arrived at the Holiday Inn parking lot, Enderby went over to their vehicle, where appellant handed her a package. Enderby then gave the package to the officer, which contained LSD. On January 7, 1999, Sergeant Bammann again picked up Enderby for a drug buy, this time traveling without the informant. They again went to appellant's house, but on this occasion appellant and Enderby both chose to ride with Sergeant Bammann. After Sergeant Bammann paid for the LSD, he was given directions to East Liberty Street in Ashland. Appellant went into a residence, while Sergeant Bammann and Enderby remained in the officer's truck. Approximately one hour later, appellant returned to the vehicle, explaining that he had ingested 5 to 6 lines of cocaine while inside. The trio returned to appellant's house, where appellant gave Enderby the 100 hits of LSD, which she in turn gave to Sergeant Bammann. On January 12, 1999, Sergeant Bammann made his final buy of LSD from appellant. The officer asked for 1000 hits. Unable to provide that quantity, appellant again directed Sergeant Bammann and Enderby to the home of his supplier on East Liberty Street. The officer gave appellant $2000, which he took into the residence. He returned to Sergeant Bammann's truck, and the officer drove several blocks away from the East Liberty Street residence. Before appellant had passed the LSD to Enderby or Bammann, a pre-planned felony car stop was effectuated by other officers. After appellant's arrest, he was found with $452 and approximately 900 hits of LSD. In a post-arrest interview, appellant admitted to police that the name of his supplier on East Liberty Street was Tony Kirk. He admitted that he had purchased 700 doses of LSD from Kirk for $1600, just prior to his arrest. He also admitted that he had approximately 200 to 212 hits of LSD in his possession before he went to Kirk's house that night. Appellant was indicted by the Ashland County Grand Jury on two counts of trafficking in LSD (R.C.2925.03(C)(5)(a) and (c)), and three counts of complicity to trafficking in LSD (R.C. 2925.03 (C)(5)(c) and (d)). The case proceeded to jury trial in the Ashland County Common Pleas Court. Following trial, appellant was convicted of all five counts. He was sentenced to six months incarceration on count one, three years incarceration on count two, three years incarceration on count three, three years incarceration on count four, and five years incarceration on count five. The sentences for counts two and five were to run consecutively to one another, and the sentences for counts one, three, and four were to run concurrently with one another, and concurrently with the sentences imposed for counts two and five. Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 DEFENDANT-APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, WHEN COUNSEL FOR DEFENDANT-APPELLANT ARGUED THE ISSUE OF ENTRAPMENT DURING TRIAL AND CLOSING ARGUMENTS, BUT FAILED TO FILE NOTICE OF THE AFFIRMATIVE DEFENSE OR ASK FOR SAID JURY INSTRUCTIONS AS TO ENTRAPMENT.
Appellant argues that his attorney was ineffective for failing to file an affirmative defense of entrapment, and for failing to file a request for jury instructions on the defense of entrapment. Counsel is not ineffective unless the performance fell below a reasonable standard of representation, and the appellant was prejudiced by such performance. Strickland v. Washington (1984),466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136, cert. denied, 490 U.S. 1011. To show prejudice, the defendant must show that had counsel not erred, there is a reasonable probability that the outcome of the proceeding would have been different. Id. In closing argument, defense counsel raised the issue of entrapment for the first time. Tr. 341. The prosecutor objected on the basis that defense counsel had not requested an instruction on entrapment, and had not given the prosecutor notice that entrapment would be a defense. Tr. 342. The court sustained the objection, and instructed the jury that entrapment was not a defense in the case, and they should disregard the use of this term by counsel in closing argument. Tr. 342-43. Pursuant to R.C.2901.05 (C), entrapment is an affirmative defense. State v. Doran (1983), 5 Ohio St.3d 187, paragraph two of the syllabus. The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute. Id. at paragraph one of the syllabus. While not an exhaustive list, the following matters are relevant on the issue of predisposition: 1) the accused's previous involvement in criminal activity of the nature charged, 2) the accused's ready acquiescence to the inducements offered by the police, 3) the accused's expert knowledge in the area of the criminal activity charged, 4) the accused's ready access to contraband, and 5) the accused's willingness to involve himself in criminal activity. Id. at 192. In the instant case, the evidence in the record would not support a jury instruction on the defense of entrapment. No officer had direct contact with appellant to set up a purchase of drugs. All contact between appellant and law enforcement resulted from an arrangement made between Donna Enderby, who was not working for the police, and the appellant. The officers did not arrange the sales. Initially, the officer did not know who appellant was, and did not have direct contact with appellant until several deals were completed. Appellant set the price for the drugs, and knew where to obtain the drugs. Appellant directed the officer to drive him to his supplier when he did not have enough LSD to meet the demand. There is no evidence in the record to suggest that the criminal design originated with the police officers, who implanted in appellant's mind the disposition to commit the offense. Counsel was not ineffective for failing to raise the affirmative defense of entrapment, and for failing to request an instruction on the defense. The assignment of error is overruled.
The judgment of the Ashland County Common Pleas Court is affirmed.
 ________________________________ GWIN, P.J.
EDWARDS, J., and MILLIGAN V. J., concur